

**FILED**
APR - 5 2007
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ISABEL HILL, personal representative of the
ESTATE OF BRYANT L. HILL, deceased,

    Plaintiff,

v.

    CIVIL ACTION NO. 2'07-0223
    On Removal from the Circuit Court of
    Logan County, West Virginia
    CIVIL ACTION NO. O6-C-369-P

KENWORTH TRUCK COMPANY,
A DIVISION OF PACCAR, INC. and
PACCAR, INC.,

    Defendants.

### ANSWER OF PACCAR Inc to AMENDED COMPLAINT

Comes now PACCAR Inc ("PACCAR") improperly named as "Kenworth Truck Company, a division of PACCAR, Inc. and PACCAR, Inc." in the Amended Complaint, and in response to the Amended Complaint filed against it states as follows:

1. Upon information and belief, PACCAR admits that Isabel Hill is the surviving mother of Bryant L. Hill, and that Isabel Hill has been issued Letters of Limited Administration by the Surrogate's Court, State of New York, granting her certain authority and power to act as a fiduciary for the Estate of Bryant L. Hill, deceased.

2. PACCAR admits the allegations contained in paragraph 2 of the Amended Complaint.

3. PACCAR admits with respect to paragraph 3 of the Amended Complaint that Kenworth Truck Company is an unincorporated division of PACCAR Inc and as such has no

separate existence; PACCAR admits that it is a Washington corporation with its principal place of business in the State of Washington and that its president or other chief officers do not reside in the State of West Virginia; PACCAR further admits with respect to paragraph 3 of the Amended Complaint that PACCAR's Kenworth division designs, in part, manufactures, in part, assembles, markets and distributes heavy trucks; PACCAR denies with respect to paragraph 3 of the Amended Complaint that it does business in Logan County, West Virginia; PACCAR is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 3 of the Amended Complaint.

4. PACCAR responds to the allegations in paragraph 4 of the Amended Complaint in the same manner as it responded to the allegations contained in paragraph 3 of the Amended Complaint.

5. PACCAR admits with respect to paragraph 5 of the Amended Complaint that jurisdiction is proper before the United States District Court for the Southern District of West Virginia.

6. PACCAR denies with respect to paragraph 6 of the Amended Complaint that venue is proper in Logan County, West Virginia, and asserts that venue is improper as to PACCAR in this action, or would be more convenient in another forum.

7. Paragraph 7 of the Amended Complaint sets forth allegations to which no response is required by PACCAR; to the extent a response is required, PACCAR denies that it is liable to the plaintiff under the statutes referred to in that paragraph.

8. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint and calls upon plaintiff for full and strict proof thereof.

9. PACCAR denies the allegations contained in paragraph 9 of the Amended Complaint.

10. PACCAR denies the allegations contained in paragraph 10 of the Amended Complaint.

11. PACCAR denies the allegations contained in paragraph 11 of the Amended Complaint.

12. PACCAR denies the allegations contained in paragraph 12 of the Amended Complaint.

13. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Amended Complaint and calls upon the plaintiff for full and strict proof thereof; PACCAR denies it is liable to the plaintiff in any amount.

14. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Amended Complaint and calls upon the plaintiff for full and strict proof thereof; PACCAR denies it is liable to the plaintiff in any amount.

15. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Amended Complaint and calls upon the plaintiff for full and strict proof thereof; PACCAR denies it is liable to the plaintiff in any amount.

16. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Amended Complaint and calls upon the plaintiff for full and strict proof thereof; PACCAR denies it is liable to the plaintiff in any amount.

17. PACCAR is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Amended Complaint and calls upon the plaintiff for full and strict proof thereof; PACCAR denies it is liable to the plaintiff in any amount.

18. PACCAR denies the allegations contained in paragraph 18 of the Amended Complaint.

19. PACCAR denies the allegations contained in paragraph 19 of the Amended Complaint.

20. Paragraph 20 of the Amended Complaint sets forth a request for a jury trial to which no response is required by PACCAR.

21. Paragraph 21 of the Amended Complaint sets forth allegations to which no response is required by PACCAR; to the extent a response by this defendant is required PACCAR denies that the plaintiff is entitled to file further amendments or pleadings in this action and reserves all defenses and objections to any motion for such amendment.

22. PACCAR denies with respect to the non-numbered paragraph entitled "Prayer" that the plaintiff is entitled to any of the relief requested.

23. PACCAR reserves unto itself the defense that plaintiff's claims may be barred by the

affirmative defense of spoliation of evidence, and/or asserts that plaintiff's claims may be barred by plaintiff's failure to preserve the evidence in this case.

24.     PACCAR denies each and every matter and allegation contained in the Amended Complaint not herein expressly admitted.

25.     PACCAR is not advised of the nature or extent of the damages and injuries alleged by the plaintiff and calls upon her for full and strict proof thereof.

26.     PACCAR reserves unto itself the affirmative defenses of contributory negligence, contributory fault, comparative negligence, comparative fault, assumption of the risk, and the applicable statute of limitations, the defense that plaintiff's claims are barred by the state-of-the-art doctrine, and the defense that that plaintiff has failed to join necessary or indispensable parties.

27.     PACCAR asserts that the accident in question was caused by the conduct and actions of parties other than this defendant.

28.     PACCAR reserves unto itself the defense that the injuries and damages of which plaintiff complains, if any, were proximately caused or contributed to by persons, corporations, or entities other than this defendant, and, accordingly, that recovery or relief against this defendant is barred.

29.     PACCAR reserves unto itself the defense that the injuries and damages of which plaintiff complains, if any, were proximately caused or contributed to by a superseding and/or intervening cause or causes other than any act or omission on the part of this defendant, and, accordingly, that recovery or relief against this defendant is barred.

30.     PACCAR denies that the alleged damages, if any, suffered by the plaintiff are the

result of any act or omission, or acts or omissions, by this defendant.

31. To the extent that the plaintiff alleges events giving rise to a claim or claims for damages, plaintiff had a duty to mitigate such damages, and has failed to do so.

32. PACCAR asserts that the Amended Complaint fails to state a claim upon which relief may be granted and accordingly moves to dismiss the Amended Complaint filed against it.

33. Inasmuch as PACCAR is not advised of all of the facts and circumstances surrounding the events referred to in the Amended Complaint, this defendant reserves the right to assert any and all other affirmative defenses, including but not limited to those set forth in Rule 12(b) and 8(c) of the Rules of Civil Procedure, which discovery may reveal are applicable.

34. PACCAR reserves unto itself the defense that the subject vehicle was altered after it left the possession, custody or control of this defendant.

35. PACCAR reserves unto itself the defense that the subject vehicle was improperly subjected to misuse, abuse or negligence in its use, maintenance or servicing after it left the possession, custody or control of this defendant, which caused any non-conformity, defect or condition.

36. PACCAR reserves unto itself the defense that the subject vehicle was subjected to modifications or alterations that were not authorized by this defendant which caused any non-conformity, defect or condition.

37. PACCAR asserts that some or all of the plaintiff's claims against this defendant may be barred by the Federal Doctrine of Pre-Emption.

38. Plaintiff's Amended Complaint, to the extent that it seeks punitive damages, violates defendant's right to procedural due process under the Fourteenth Amendment of the

United States Constitution, and the Constitution of the State of West Virginia, and therefore fails to state a cause of action upon which punitive damages can be awarded.

39. Plaintiff's Amended Complaint, to the extent it seeks punitive damages, violates defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 3, Section V of the Constitution of the State of West Virginia, and violates defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of The United States Constitution and the Constitution of the State of West Virginia and therefore fails to state a cause of action supporting the punitive damages claimed.

40. PACCAR further avers that an award of punitive damages would violate the laws and the Constitution of the United States, as well as those of the State of West Virginia. Such an award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and similar provisions of the West Virginia Constitution. Furthermore, the imposition of such punitive or exemplary damages denies PACCAR equal protection of the laws under the Fourteenth Amendment, and violates the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and similar provisions of the West Virginia Constitution.

41. PACCAR specifically denies that the plaintiff is entitled to a recovery of punitive damages herein and moves that the claim for punitive damages be dismissed for failure of the plaintiff to state a proper cause of action upon which such a recovery may be made.

42. PACCAR affirmatively alleges and avers that a recovery for punitive damages is

not supported by the factual allegations contained in plaintiff's Amended Complaint against this defendant and accordingly moves to strike plaintiff's demand for the same.

43. To the extent that the plaintiff seeks punitive damages, PACCAR specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose or were enunciated in the decisions of BMW of No. America v. Gore, 517 U.S. 559 (1996), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.. 424 (2001), State Farm Mut. Auto Ins. Co. v. Campbell, 123 S. Ct. 1513 (2003), and Philip Morris USA v. Williams, (No. 05-1256) U.S. Supreme Court, Feb. 20, 2007.

44. This defendant has and hereby asserts a right to have any and all fault that proximately caused or contributed to the accident and damages of which the plaintiffs complain, if any, apportioned among those responsible therefor and, if this defendant is held liable in any degree to the plaintiffs or any other party in this matter, this defendant has and hereby asserts a right to contribution and/or indemnity of and from all against whom any such apportionment is made.

45. PACCAR denies that the plaintiff is entitled to any of the relief requested against this defendant.

46. PACCAR demands a trial by jury of all issues so triable.

**PACCAR Inc**

**By Counsel**

*[signature: Gary W. Hart]*

Gary W. Hart (WVSB # 1616
JACKSON KELLY PLLC
1600 Laidley Tower
P. O. Box 553
Charleston, West Virginia 25322
(304) 340-1000

J. Banks Sewell III
J. Bradley Powell
Lightfoot, Franklin & White, L.L.C.
400 20th Street North
Birmingham, AL 35203
(205) 581-0700
*Counsel for Defendant PACCAR Inc*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ISABEL HILL, personal representative of the
ESTATE OF BRYANT L. HILL, deceased,

        Plaintiff,

v.

        CIVIL ACTION NO. _____
        On Removal from the Circuit Court of
        Logan County, West Virginia
        CIVIL ACTION NO. O6-C-369-P

KENWORTH TRUCK COMPANY,
A DIVISION OF PACCAR, INC. and
PACCAR, INC.,

        Defendants.

## CERTIFICATE OF SERVICE

I, Gary W. Hart, counsel for defendant PACCAR Inc, do hereby certify that service of the foregoing *Answer of Paccar Inc to Amended Complaint* was made upon the plaintiff by causing a true and exact copy thereof to be mailed by United States mail, postage prepaid, to the following:

Alvis Porter, Clerk
Circuit Court of Logan County
300 Stratton Street
Logan, WV 25601

Thomas V. Flaherty, Esquire (WVSB #1213)
Flaherty, Sensabaugh & Bonasso, P.L.L.C.
P.O. Box 3843
Charleston, WV 25338-3843
*Counsel for Plaintiff*

this 5TH day of April, 2007.

_____
GARY W. HART (WVSB 1616)

{C1189710.1}        10