IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ISABEL HILL, personal representative of the
ESTATE OF BRYANT L. HILL, deceased,**

 **Plaintiff,**

**v.**

                **CIVIL ACTION NO. 2:07-0223**
                **The Honorable John T.**
                **Copenhaver, Jr.**

**KENWORTH TRUCK COMPANY,
A DIVISION OF PACCAR, INC. and
PACCAR, INC.,**

 **Defendants.**

## FINAL ORDER GRANTING PETITION, APPROVING COMPROMISE AND SETTLEMENT, DISMISSING CLAIMS WITH PREJUDICE

On the 22nd day of September, 2008 came the Petitioner, Isabel Hill, Personal Representative of the Estate of Bryant L. Hill ("the Estate"), deceased, by her attorneys, Toby B. Fullmer of The Matthews Law Firm, and Jeff Wakefield and Shawn Gillespie of Flaherty, Sensabaugh & Bonasso, PLLC, and tendered to the Court her written and duly verified Petitions seeking this Court's approval to compromise and settle the claims of the heirs, beneficiaries, and dependents of Bryant L Hill, deceased, and the Estate's claims against Defendants/Respondent Kenworth Truck Company, an unincorporated division of PACCAR, Inc, and PACCAR, Inc (hereinafter collectively referred to as "PACCAR"). PACCAR appeared by and through its counsel, Gary W. Hart, Jackson Kelly PLLC. Appearing also was William Pepper, Guardian Ad Litem, on behalf of the minor, Bryce Hill.

The Court considered the verified Petitions of the Petitioner swearing that the facts set forth in her Petitions were true, that she considered the settlement fair and just, that she understood that this was a full and final settlement of all claims that the heirs, beneficiaries, and dependents of Bryant L. Hill, deceased, and the Estate of Bryant L. Hill has or may have against the PACCAR and that she was satisfied with the representation of her counsel in this matter.  Petitioner then moved the Court to grant the Prayer of the Petition and to permit the consummation of the agreed settlement upon the grounds that the settlement is fair, just, reasonable, equitable, and serves the best interests of the Estate of Bryant L. Hill, deceased.

Based upon the record in this action, the duly verified Petition filed herein, and other papers filed in the record herein, it appears to the Court, and the Court **FINDS**, that the facts set out in the Petitions are true; that the persons identified in paragraph 3 of the Petitions are the only persons who may be entitled to receive any portion of the monies they may obtain in connection with this wrongful death action; that Bryce Hill is a minor child of Bryant L. Hill with a *Guardian Ad Litem* appointed by this Court; that all other potential heirs, beneficiaries, and dependents are competent adults; that the Prayer of the Petitions is proper; that the granting of the Petition will promote the best interests of the heirs, beneficiaries, and dependents of  Bryant L. Hill, deceased, the Estate of Bryant L. Hill, deceased, and any individual who may be entitled to a portion of the settlement under the law of West Virginia; and that the settlement as agreed to between the Petitioner and PACCAR is, in view of all of the circumstances of this action and in all other respects, fair, just, reasonable, and equitable to all concerned.

The Court further **FINDS** that the costs incurred by Petitioner's attorneys in prosecuting this claim against Defendants total $221,334.71 as set forth in the itemization contained in Exhibits E through G of the Second Amended Petition. The additional costs sum sought by Petitioner's attorneys in part at and in part after the hearing on the Petitions on September 22, 2008, aggregating $8,536.84, have not been itemized or supported by proof and are disallowed. The Court also **FINDS** that the attorney's fee sought by Petitioner's attorneys in this case is a 40% fee of $320,000, which the court denies to the extent of $20,000 with respect to the share of the minor, Bryce L. Hill. The court finds that a total fee of $300,000, out of which Petitioner's attorneys shall pay any unitemized costs over and above the $221,334.71 itemized costs allowed, is fair and reasonable and takes into account the settlement reached in this case before the taking of depositions and the fact that the $300,000 and $221,334.71 together amount to 65% of the $800,000 recovery. Petitioner and the other beneficiaries of the Estate of Bryant L. Hill have agreed to and have approved this settlement, as evidenced by their execution of their respective Consent and Authorization forms before a Notary Public. Moreover, these beneficiaries have consented and are agreeable to the following net proceeds to be received by each beneficiary for the death of Bryant L. Hill from the settlement proceeds recovered in this case. The Court **FINDS** that the following beneficiaries, having agreed upon the percentage distribution of the settlement proceeds, are agreeable to accept the following net proceeds as their respective shares of the settlement proceeds in this case:

> (1) Bryce Hill shall receive $98,292.81, the sum of which shall be used to purchase an annuity with a major life insurance company in

accordance with the terms of this Order. Bryce Hill shall also receive the additional sum of Twenty Thousand Dollars ($20,000.00) in accordance with the further terms of this Order;

(2) Emond Hill shall receive $64,666.32;

(3) Isabel Hill shall receive $36,213.14;

(4) Marion Jones shall receive $36,213.14;

(5) Courtney Hill shall receive $11,639.94;

(6) Vakeshia Hill shall receive $11,639.94;

After a fair evaluation of all evidence and facts pertaining to this case, including the nature of the injuries, the elements and limitations of the cause of action against PACCAR and the disputed nature of liability, the Court finds that this settlement has been made in good faith in accordance with the West Virginia Supreme Court of Appeals decisions in <u>Board of Education of McDowell County v. Zando Martin & Milstead, Inc.</u>, 390 S.E.2d 796 (W. Va. 1990) and <u>Smith v. Monongahela Power Co.</u>, 429 S.E.2d 643 (W. Va. 1993). The Court further **FINDS** that the settlement amount represents a full and complete settlement of any and all claims which the Estate and/or heirs, beneficiaries, and dependents of Bryant L. Hill or any person claiming by or through said Estate has or may have against PACCAR arising from the events described in Paragraph 5 of the Petition.

Accordingly, it is hereby **ORDERED:**

(1) That the Prayer of the Petitions seeking approval of the settlement proposed in the Petitions be and hereby is **GRANTED** in accordance with the requirements of W. Va. Code § 55-7-7.

(2)     That the compromise and settlement between Plaintiff Isabel Hill as Personal Representative of the Estate of Bryant L. Hill and PACCAR is hereby **APPROVED** pursuant to W. Va. Code § 55-7-7.

(3)     That the total case expenses in the amount of $221,334.71 are reasonable and necessary for the proper prosecution of this case and are hereby approved; and

(4)     That the attorney's fees in the amount of $300,000, out of which costs beyond $221,334.71 are to be paid, are fair and reasonable attorney's fees given the nature and complexity of this lawsuit and the other factors noted by the court and are hereby approved; and

(5)     That the minor, Bryce Hill, shall receive the sum of $98,292.81 from this settlement, the sum of which shall be used to purchase an annuity with a major life insurance company in accordance with the provisions of this Order; and

(6)     That the minor, Bryce Hill, shall also receive the additional sum of $20,000.00 as set forth below; and

(7)     That Emond Hill shall receive the sum of $64,666.32 from this settlement; and

(8)     That Isabel Hill shall receive the sum of $36,213.14 from this settlement; and

(9)     That Marion Jones shall receive the sum of $36,213.14 from this settlement; and

(10)    That Courtney Hill shall receive the sum of $11,639.94 from this settlement; and

(11) That Vakeshia Hill shall receive the sum of $11,639.94 from this settlement; and

(12) That the Guardian Ad Litem, William Pepper, shall be paid the sum of $2,200.00 by Defendants Kenworth Truck Company, a division of PACCAR, Inc. and PACCAR, Inc. for his legal services as Guardian Ad Litem in this case; and

(13) That none of the allowances set forth in paragraphs (5) through (11) shall be reduced for any reason without the prior approval of this court by order duly entered;

(14) That the Defendants Kenworth Truck Company, a division of PACCAR, Inc. and PACCAR, Inc. shall pay the settlement proceeds of $800,000.00 in accordance with the terms of this Order on or before April 10, 2009, to the extent not already paid, it being understood that the funds for the structured annuity for Bryce L. Hill, as set forth in paragraph (14) below, were paid to or for Prudential by October 6, 2008.

(15) That the net share of the settlement proceeds set aside for the minor child, Bryce L. Hill, age seven (7) years (DOB: January 11, 2001) is a fair and reasonable settlement and is in his best interests. The sum of $98,292.81 will be placed in a structured settlement annuity to be issued by The Prudential Insurance Company of America. This structured settlement annuity will thus protect and invest the settlement proceeds for this minor (the principal and the growth on which is tax-free to the minor) and will begin to pay Bryce L. Hill in semi-annual payments for college expenses over five (5) years after he reaches the age of eighteen (18) years. In addition, this structured settlement annuity will pay Bryce L. Hill monthly payments for five (5) years after he

reaches the age of eighteen (18) years and later lump sum payments at twenty-five (25) and thirty (30) years of age.

The periodic payments to Bryce L. Hill shall be made according to the following schedule of payments:

Beginning 07/01/2019, $12,500.00 semi-annually for 5 years certain only (10 guaranteed payments)

Beginning 07/01/2019, $750.00 per month for 5 years certain only (60 guaranteed payments)

$20,000.00 Guaranteed lump sum on 01/11/2026

$ 42,438.53 Guaranteed lump sum on 01/11/2031

The obligation to make the periodic payments described herein will be assigned to PASSCorp and will be funded by an annuity contract issued by The Prudential Insurance Company of America.

(16) That the additional sum of Twenty Thousand Dollars ($20,000.00) for the minor, Bryce L. Hill, shall be paid to Pamela Brown as mother and natural guardian of Bryce L. Hill, who shall forthwith upon receipt invest those funds in a federally insured, interest-bearing savings account and promptly file with this court a receipt or certificate evidencing the deposit. Those funds shall be paid to Bryce L. Hill at the time he reaches the age of 18 years; provided however, that withdrawals may be sooner made from those funds with the prior approval of this court for reasonable and necessary expenditures that promote the health, education, and welfare of the minor, Bryce L. Hill, but requests for such approval shall not be made more often than once per calendar year.

(17) That Petitioner and PACCAR take all necessary steps to consummate the settlement as set forth in the Petition.

(18) A report of the distribution of the $800,000 as directed herein shall be made to this court by the Petitioner, with the assistance of her attorneys in this case, by filing such report with this court on or before May 1, 2009.

(19) That it is this court's opinion, basted on <u>Pollicina v. Misericordia Hospital Medical Center</u>, 624 N.E.2d 974 (N.Y. 1993), that this settlement and the subject of this Order does not require approval by the Erie County Surrogate Court of the State of New York that appointed Isabel Hill as Personal Representative of the Estate of Bryant L. Hill , deceased, but this court does not discourage the seeking of such approval by any interested party;

(20) That Petitioner and PACCAR shall execute all agreements, releases, orders, and other documents necessary to consummate the settlement and release and forever discharge PACCAR from any and all claims of the Estate of Bryant L. Hill, deceased, which it or any person claiming by or through said Estate (including all of the deceased's heirs, beneficiaries, or dependents) had, has, or may hereafter have arising out of or relating to the death of Bryant L. Hill.

(21) That the claims of Isabel Hill as Personal Representative of the Estate of Bryant L. Hill against PACCAR be, and they hereby are, **DISMISSED** with prejudice to Plaintiff, and PACCAR is dismissed as a party to this litigation.

(22) That, by agreement of the parties, on or before October 31, 2008, Plaintiff and her counsel are hereby ORDERED to: (1) gather and return to PACCAR's counsel all Confidential Materials; and (2) shred or otherwise destroy all Confidential

Materials bearing counsel's notes, highlighting, or other work. The Court shall retain jurisdiction over this matter in order to enforce and ensure compliance with this provision until such time as it is satisfied. As used herein, "Confidential Materials" means all documents and materials (including without limitation all videotapes, CDs, DVDs, papers, etc.) produced by PACCAR in this matter labeled "Confidential," and all documents and materials originating from any DVD or CD bearing a "Confidential" label produced by PACCAR in this matter (regardless of whether the document itself is labeled "Confidential"), including paper copies and "pdf." or other electronic versions thereof.

       (23)    That this matter be retired from the docket of the Court.

The Clerk of the Court is directed to send certified copies of this Order to all counsel appearing.

ENTERED this 31st day of March, 2009.

                             John T. Copenhaver, Jr.
                             United States District Judge